**AFFIRM; and Opinion Filed November 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01120-CV

### ERIN THORNTON, Appellant
### V.
### CITY OF PLANO, TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00832-2014**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Schenck

Erin Thornton appeals the trial court's order granting the City of Plano's plea to the jurisdiction, which dismissed her gender-discrimination and retaliation claims. In seven issues, Thornton complains of lack of adequate notice related to the City's plea to the jurisdiction, denial of opportunities to obtain additional discovery, the trial court's consideration of the City's evidence, and lack of opportunities to re-plead. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL & PROCEDURAL BACKGROUND

Thornton has worked as a police officer for the Plano Police Department ("PPD") for over twenty years. In 2009, Thornton transferred under Lieutenant Terry Groves. Later that year, Thornton verbally complained to Captain Gay Schaffer about some of Lt. Groves' comments and actions towards her that she considered to be indicative of gender-based

discrimination. The PPD conducted an administrative inquiry into Thornton's allegations, but the inquiry was closed without findings or resolution when Lt. Groves transferred out of Thornton's chain of command in early 2011. A year later, Thornton filed a written complaint about Lt. Groves, in which she again complained of his statements and conduct beginning with when he served as her supervisor and continuing through December 2011. The PPD conducted an internal-affairs investigation into Thornton's allegations, exonerated Lt. Groves of two claims, and found the remaining claims were either not sustained or unfounded. In June 2012, one of Thornton's subordinate officers received a written reprimand, and Thornton later received a written reprimand for implying that the subordinate received a written reprimand due to an unrelated dispute between other officers. In December 2012, Thornton filed a complaint against PPD, alleging the written reprimand was retaliation for her complaints of violations of federal and state labor laws and civil rights. Since that time, Thornton has been the subject of at least five internal investigations.

On March 13, 2013, Thornton filed a charge of discrimination with the Texas Workforce Commission. The TWC responded by dismissing the charge and notifying Thornton of her right to sue. On March 4, 2014, Thornton sued the City for gender-discrimination and retaliation claims. On April 29, 2014, the City filed a plea to the jurisdiction, or in the alternative, motion for summary judgment. The next day, the City filed a motion for protection, requesting a stay of discovery until the trial court heard the City's plea to the jurisdiction. On May 14, 2014, the trial court notified Thornton a hearing was scheduled on May 29, 2014, on the City's plea to the jurisdiction, or in the alternative, motion for summary judgment. Thornton filed a motion to continue on the City's motion for summary judgment and plea to the jurisdiction. The City responded to Thornton's motion to continue, asserting it was not seeking adjudication of its summary judgment at an upcoming hearing, but only was seeking to adjudicate its plea to the

jurisdiction and its motion for protection. On May 29, 2014, the trial court held the scheduled hearing on the City's plea to the jurisdiction. That same day, the trial court signed orders granting the City's plea and its motion for protection.

## DISCUSSION

In her first two issues, Thornton complains of inadequate notice of the basis for the City's plea to the jurisdiction and the hearing on same. While we review a ruling on a challenge to a trial court's subject-matter jurisdiction de novo, we review complaints of notice for abuse of discretion. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228–29 (Tex. 2004) (holding that the scheduling of a hearing of a plea to the jurisdiction is left to the discretion of the trial court). Similarly, we review Thornton's third issue regarding the denial of her motion for continuance and her sixth issue regarding the granting of the City's motion for protection from discovery for whether the trial court committed a clear abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Killingsworth v. Hous. Auth. of City of Dall.*, 447 S.W.3d 480, 496 (Tex. App.—Dallas 2014, pet. denied). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe*, 145 S.W.3d at 161. Thornton's complaints regarding notice are based on the fact the City filed its plea to the jurisdiction with its motion for summary judgment. At the trial court and on appeal, she objected to a lack of twenty-one days' notice. TEX. R. CIV. P. 166a(c). As previously noted, Thornton did receive notice before the hearing that only the plea would be heard and not the motion for summary judgment. Additionally, on appeal, Thornton argues the notice that the plea and not the summary-judgment motion would be heard was insufficient because it failed to identify which issues remained for consideration. After reviewing the record, we cannot conclude the trial court's decisions to schedule the hearing on the City's plea to the jurisdiction with fifteen days' notice, deny her motion for continuance, or

–3–

grant the City's motion for protection from discovery constitute a clear abuse of discretion. *Id.* Consequently, we overrule her first, second, third, and sixth issues.

In her seventh issue, Thornton complains of the trial court's decision to consider the evidence attached to the City's plea to the jurisdiction. Thornton details each of the objections she made to the trial court below, the bases of which include rules 106, 107, 802, and 1006, of the Texas Rules of Evidence. TEX. R. EVID. 106 (remainder of or related writings), 107 (rule of optional completeness), 802 (hearsay), 1006 (summaries to prove content). However, the record does not show the trial court ruled on these objections explicitly or implicitly. The order granting the plea states the trial court considered the plea itself, the pleadings, arguments, and legal authority, but does not mention the evidence the City included as a separately filed appendix to its plea to the jurisdiction. Accordingly, we cannot conclude that Thornton preserved these objections for our review and thus need not address Thornton's seventh issue. *See Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 100–01 (Tex. App.—Dallas 2010, pet. denied) (no ruling implied where trial court's order stated the trial court "considered" the motion, the response, and "all other evidence on file").

Finally, in her fourth and fifth issues, Thornton argues that the trial court erred by failing to give her an opportunity to re-plead and by failing to require the City to challenge pleading defects by special exception before dismissing her claims. Thornton argues she could re-plead to show discrimination in the City's denial of "overtime opportunities and other ultimate employment actions." Similarly, at the trial court, she argued she would plead and prove that unlike male sergeants, she was obliged to obtain pre-approval of her overtime requests and that her requests for overtime were denied. She also argues she could re-plead to demonstrate the retaliatory nature of the repeated internal affairs investigations she was subjected to. Thornton

requests this Court require the City to specially except to any pleading defects, so she may know what alleged deficiencies she can attempt to remedy.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227. Even if we were to construe Thornton's arguments as adequate explanations of what she could re-plead to cure the deficiencies in her pleadings, we could not conclude that all of the defects raised by the City in its plea to the jurisdiction were in fact curable. For example, Thornton's gender-discrimination claims are premised on conduct ranging from January 2009 through March 2011, but she failed to file a complaint until January 2012, more than six months later. TEX. LAB. CODE ANN. § 21.202 (West xxxx) (requiring a complaint to be filed no later than the 180th day after the date the alleged unlawful employment practice occurred). Further, her original petition was filed in March 2014, more than two years after her complaint was filed. TEX. LAB. CODE ANN. § 21.256 (West xxxx) (requiring civil action to be brought no later than the second anniversary of the date the complaint relating to the action is filed). Accordingly, the trial court did not err in failing to provide Thornton an opportunity to re-plead or in failing to require the City to challenge pleading defects by special exception before dismissing her claims. We overrule Thornton's fourth and fifth issues.

## CONCLUSION

We overrule Thornton's issues and affirm the trial court's judgment.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

141120F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIN THORNTON, Appellant

No. 05-14-01120-CV      V.

CITY OF PLANO, TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-00832-2014.
Opinion delivered by Justice Schenck, Justices Lang-Miers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF PLANO, TEXAS recover its costs of this appeal from appellant ERIN THORNTON.


Judgment entered this 2nd day of November, 2015.